1:26-cv-00123-GHD-RP

RECEIVED

JUL 10 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

## COMPLAINT

*This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983.*

### BOTTOM LINE UP FRONT

This case is about a county that: (1) accepted two affidavits from a private citizen; (2) did not investigate the claims; (3) ignored discovery requests; (4) enforced a 'person-to-person' policy with no legal basis; and (5) created a false court record after the case was retired.

### FACTS

1. On April 22, 2025, my brother-in-law (Corey Bennett) filed an affidavit against me with Deputy Clerk Joy Brock.

2. In May 2025, I followed legal advice from multiple lawyers and changed my phone number and restricted my social media accounts to avoid any contact with the affiant or his associates. Corey was attempting to weaponize "indirect" communication, so I was advised to avoid any social overlap.

3. On May 9, 2025, the County mailed me a criminal summons via regular mail. The summons contained no clerk's signature and no officer's return.

4. On May 19, 2025, my lawyer asked for evidence. The County's Prosecutor ignored the request.

5. On May 22, 2025, before any court appearance, the court sent my lawyer a pre-printed person-to-person policy on official letterhead, telling him he couldn't appear on my behalf.

6. On June 3, 2025, I went to court. Nothing happened.

7. On August 19, 2025, Corey Bennett filed another affidavit against me with Deputy Clerk Shailyn Flurry. The affidavit claimed that my wife's lawsuit against him constituted a crime committed by me.

8. The County assigned Investigator Bryan Westbrook to investigate my wife's lawsuit.

9. On February 5, 2026, Westbrook admitted he had "not received anything from the other side" and the case was being prepared for the grand jury.

10. Several grand juries passed. I don't know the status of the county's investigation into the public court system.

11. On February 4, 2026, the Judges issued an order restricting me. No one asked them to and they did so without any hearing. In the same order packet, the county admitted I was calling to gather information on the felony charges against me. I didn't have a lawyer retained to work the felony side. They used a misdemeanor case they had no intention of ending on the merits to keep me from defending myself against a felony. On February 6, 2026, the same Judges recused because, "Impartiality might be questioned by reasonable persons whether knowing one or both parties or knowing all the facts and circumstances." This statement makes no sense considering there's no conflict of interest on my side with these Judges working a case against me.

12. On February 13, 2026, County Prosecutor Nathaniel Clark filed a sworn motion stating that I had "allegedly made allegations...." Clark then recused himself.

13. On May 5, 2026, the first case was retired to the files by a special prosecutor (Kelby Comer) No conviction. No plea. No explanation. Even the special judge (John Bishop) seemed to be surprised.

14. Kelby Comer mentioned a civil matter involving Corey. My wife was present and Kelby never asked her about any civil matters even though she was the plaintiff in the matter he talked about.

15. On May 8, 2026, I filed a bar complaint against Prosecutor Clark based on his recusal motion. The Mississippi Bar assigned a docket number and requested a response from Clark by June 11, 2026.

16. On May 23, 2026, I sent a demand letter to the Tishomingo County Board of Supervisors and County Attorney, offering to settle my claims and notifying them of my intent to file this lawsuit.

17. I am a 100% service-connected disabled veteran. The County's prosecution aggravated my documented mental health conditions.

18. On June 14, 2026, I self-reported this matter to my Facility Security Officer (FSO) under SEAD 3 because I was uncertain whether the County's actions constituted a reportable criminal proceeding. I documented the County's obstruction, the empty investigation, and the "retired to files" disposition. My clearance remains under review.

19. Before I knew the County was investigating a federal lawsuit as cyberstalking, I offered to let them subpoena any records they needed. I also requested information from the Sheriff's Department. The County never followed up on my offer, and the Sheriff's Department has not responded to my requests.

20. In his June 10, 2026, response to the Mississippi Bar, County Prosecutor Nathaniel Clark admitted the following:

    a. The case was a "family dispute."

    b. He admitted he was told to recuse.

    c. He did not verify the facts. He relied on "I was told."

21. Clark's admissions confirm:

    a. There was no probable cause (he called it a "family dispute").

    b. The prosecution was not based on a diligent investigation. Clark admitted he did not verify the facts and relied on "I was told". He didn't confirm his source in his bar complaint response.

22. The affidavit filed against me on April 22, 2025, falsely claims that I filed a police report. This statement is false. I never filed a police report against Corey Bennett or anyone else.

23. The false claim about a police report is a crime. The County never investigated this false claim.

24. In his Bar response, Clark attached a document titled "Exhibit P." The document was from my wife's federal lawsuit. Clark's copy has no PACER stamp, meaning it was not obtained from an official court filing. The official PACER copy has a court stamp. Clark has never explained how he obtained Exhibit P.

25. On July 15, 2025, Corey requested an extension in federal court to "obtain legal counsel". No lawyer ever appeared on his behalf in federal court, but Clark had the same copy of Exhibit P that Corey, and his codefendants were served with.

26. Clark's possession of Exhibit P and his failure to disclose its source suggests improper communication with Corey Bennett's network.

27. Mechelle Pounders, the Tishomingo County Justice Court Clerk, created a false court record to help Clark with his Bar response.

    a. On June 8, 2026, two days before Clark's Bar response deadline, Mechelle Pounders, generated an "Abstract of Court Record" for my case. The case was retired on May 5, 2026. The document was not created at the time of the retirement. It was created weeks later, specifically to assist Clark in his defense to the Bar complaint.

    b. The document is nearly blank. It contains:

        i. No officer names

        ii. No judge names

        iii. No prosecutor names

        iv. No driver's license number

        v. No race

        vi. No charge details

        vii. No fine

        viii. No plea

        ix. It falsely claims my lawyer made remarks (He never even spoke in open court)

    c. It states "RETIRE TO FILE" as if it were a plea entered by me. That is absurd on its face. A defendant cannot enter a plea of "retire to file." It is an administrative action taken by the court or prosecutor, not a plea.

    d. The document was not created at the time of the proceeding. It was created after the fact, for the sole purpose of helping Clark respond to the Bar complaint.

28. The false court record confirms the County's pattern of misconduct.

    a. The fabricated document is further evidence that the County:

        i. Altered or created records after the fact

        ii. Helped Clark respond to a disciplinary complaint

        iii. Misrepresented my case to the Bar

iv.   Engaged in a pattern of obstruction and cover-up

*In the interest of saving paper and avoiding unnecessary exhibits, the Court is requested to take judicial notice of the docket and filings in Tishomingo **County Cases No. 170, Page 1739 (misdemeanor) and Case No. 170, Page 3610 (felony)** as public records whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b)(2). Records are stored in the **Tishomingo County Justice Court, Circuit Court, and Sheriff's Department.***

## COUNTS

### COUNT I — Malicious Prosecution

Facts 1, 3, 6, 9, 10, 12, 13, 20, and 22 show that the County initiated a criminal proceeding against me without probable cause, depriving me of my Fourth Amendment right to be free from unreasonable seizure of my person and liberty. The case was retired to the files with no conviction or plea, terminating in my favor. Clark's admission that the case was a "family dispute" confirms the absence of probable cause. The affidavit contained a false claim that Plaintiff filed a police report. This false claim is a crime under Mississippi law. The County never investigated this false claim.

### COUNT II — Procedural Due Process

Facts 4, 5, 11, and 20 show that the County maintained a "person-to-person" policy that prohibited my attorney from appearing or resolving matters on my behalf without my physical presence, effectively denying me the right to counsel and depriving me of Fourteenth Amendment procedural due process. Clark's admission that he was told to recuse and did not verify facts shows the County's disregard for due process.

### COUNT III — First Amendment Retaliation

Facts 4, 5, 11, and 20 show that I engaged in protected speech by questioning policies and requesting documents. In retaliation, the County issued an Order Restricting Contact, depriving me of my First Amendment right to freedom of speech and right to petition the government. Clark's admissions show the County's pattern of retaliation.

## COUNT IV — Substantive Due Process

Facts 7, 8, 9, 10, 14, 20, 24, 25, and 26 show that the County's maintenance of this baseless felony investigation for over a year, despite evidence showing the "crime" was merely Plaintiff's household's involvement in litigation, constitutes a retaliatory abuse of state power. Clark's admission that the case was a "family dispute" confirms the baseless nature of the prosecution. Clark's possession of Exhibit P and his failure to disclose its source shows outside communication with the affiant. Mechelle Pounders created a false court record to help Clark respond to the Bar complaint. The document was generated on June 8, 2026, not at the time of the proceeding.

## COUNT V — Municipal Liability

Facts 4, 5, 11, and 20 show that the County maintains a written "person-to-person" policy, applied to my attorney, Wayne Housley, which restricts the ability of defendants to be represented by counsel in the manner provided by the Rules of Criminal Procedure. This policy and the County's custom of ignoring discovery requests caused the constitutional violations described herein. Clark's admissions confirm the County's pattern of misconduct. The County's failure to investigate false affidavits and its tolerance of outside communications constitute a pattern of misconduct. The County's creation of false court records and its custom of fabricating documents constitute a pattern of misconduct.

## FOR THESE REASONS, I ASK THE COURT TO:

### A. Against Tishomingo County:

1. Declare that their person-to-person policy violates the Constitution.

2. Order them to stop using person-to-person.

3. Pay me for my:

   a. lawyer fees ($3,000)

   b. missed workdays, PhD study time, and stress (which aggravated my 100% VA-rated disabilities); and

   c. the harm to my career and security clearance status caused by the County's prosecution and concealment of its investigation.

4. Anything else the Court thinks is right.

KEITH ALEXANDER
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763
(938) 247-9736
keith.c.alexander2@gmail.com