**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**KEITH ALEXANDER**          **PLAINTIFF**

**v.**          **CIVIL ACTION NO.:1:26-CV-123-GHD-RP**

**TISHOMINGO COUNTY, MISSISSIPPI**          **DEFENDANT**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO PROPERLY SERVE PROCESS**

    **COMES NOW,** Defendant Tishomingo County, Mississippi (hereinafter "the County"), by and through counsel, and pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure*, respectfully submits its Memorandum of Authorities in Support of Motion to Dismiss, as follows: In

**Introduction**

    Plaintiff Keith Alexander filed suit on July 10, 2026. Doc. 1. In his Complaint, Mr. Alexander asserts claims against the County for alleged malicious prosecution, procedural and substantive due process violations, First Amendment retaliation, and municipal liability. Doc. 1. The claims arise out of criminal charges filed against him in Tishomingo Justice Court that Plaintiff contends the County failed to investigate before prosecuting him. Doc. 1 at 1. Ultimately, according to Plaintiff, he was never indicted and the charges were remanded to the file. Doc. 1 at 1-4.

    The Clerk of Court issued Summons to the County on July 10, 2026. Doc. 3. To date, the County has not been properly served a copy of the Summons and Complaint, and thus, dismissal is warranted. *See* **Exhibit A to Mot. to Dismiss**, *Affidavit of Chancery Clerk Peyton Cummings (hereinafter "Cummings Affidavit")*.

**Procedural History**

Peyton Cummings is the duly-elected Chancery Clerk of Tishomingo County. *See Cummings Aff.* ¶2. According to Mr. Cummings, he has not been served with a copy of the Summons and Complaint. *Cummings Aff.* ¶7. Rather, an unidentified woman came to the Chancery Clerk's office and upon learning Mr. Cummings was out of the office, left a copy of the Summons and Complaint with Paige Woodruff. *Cummings Aff.* ¶¶4-5. Ms. Woodruff is a deputy clerk in Mr. Cummings's office. However, she is not authorized to accept service for the County or for Mr. Cummings. *Cummings Aff.* ¶6.

In addition, no attempt to serve the President of the Tishomingo Board of Supervisors has been made either. *Cummings Aff.* ¶8. Thus, to date, the County has not been served properly with process. For all of the reasons stated below, dismissal under Rule 12(b)(5) is warranted.

**Legal Authority and Argument**

"A district court . . . has broad discretion to dismiss an action for ineffective service of process[.]" *Mortel v. Nowicki*, 2026 U.S. App. LEXIS 9152, at *6 (5th Cir. Mar. 30, 2026 *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Burch v. Miss. Valley State Univ.*, 2014 U.S. Dist. LEXIS 67155, at *4 (N.D. Miss. May 15, 2014)(citing *Quinn v. Miller*,470 F. App'x 321, 323 (5th Cir. 2012) (per curiam)). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* (citing *Quinn*,470 F. App'x at 323 (citing *Carimi v. Royal Carribean Cruise Line, Inc.*,959 F.2d 1344, 1346 (5th Cir. 1992)). Here, Plaintiff attempted serving the County by leaving a copy of the Summons and Complaint at the Chancery Clerk's Office.

2

According to Rule 4(j) of the *Federal Rules of Civil Procedure*, service of process on a governmental entity may accomplished by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

*Fed. R. Civ. P.* 4(j)(A)&(B). Under the Rule 4(d)(6) of the *Mississippi Rules of Civil Procedure*, a County may be served "by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." *Miss. R. Civ. P.* 4(d)(6); *see also* Miss. Const. Ann. Art. 6, §170 (providing that the chancery clerk is the clerk for the board of supervisors).

Plaintiff attempted to serve process on the County by leaving a copy of the Summons and Complaint in the Chancery Clerk's office with Deputy Clerk Paige Woodruff. But Peyton Cummings is the duly-elected Chancery Clerk of Tishomingo County and clerk of the Tishomingo Board of Supervisors. *See Cummings Aff.* ¶2. Ms. Woodruff is a County employee and deputy clerk whose duties do not include accepting process for the County or Mr. Cummings. *Cummings Aff.* ¶6. Thus, leaving a copy of the Summons and Complaint with Ms. Woodruff for Chancery Clerk Cummings was not proper service. *See Byrum v. City of Plano*, No. 4:11cv60, 2012 U.S. Dist. LEXIS 31735, at *5 (E.D. Tex. Feb. 3, 2012)(holding that the city "mail room clerk" did "not hold any of the offices authorized to accept service."). And generally, "[a] district court cannot exercise personal jurisdiction over a party without proper service of process." *Amerihome Mortg. Co., LLC v. Jackson*, No. 1:25-cv-00782-ADA-SH, 2025 U.S. Dist. LEXIS 218926, at *1 (W.D. Tex. Nov. 6, 2025) (citing *Omni Cap. Int'l, Ltd. V. Rudolf Wolf & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L.

3

Ed. 2d 415 (1987)). To date, Plaintiff has not served either the Chancery Clerk or the President of the Board of Supervisors. *Cummings Aff.* ¶¶7-8.

Inasmuch as Plaintiff cannot proceed with her claims against the County without proper service of process, this Court should dismiss this suit without prejudice.

### Conclusion

Inasmuch as Rule 4(j) of the *Federal Rules of Civil Procedure* does not allow for service of process by leaving a copy of the summons and complaint behind at a County official's place of business, this suit must be dismissed pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure*.

**RESPECTFULLY SUBMITTED** this the 23rd day of July, 2026.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Jessica S. Malone*
Jessica S. Malone, MS Bar No. 102826
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant, Tishomingo County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: jmalone@jlpalaw.com
 dgriffith@jlpalaw.com
 mgriffith@jlpalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica S. Malone, attorney of record for Defendant, Tishomingo County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion to Dismiss for Failure to Properly Serve Process* to be delivered by the ECF Filing System and U.S. Mail which gave notice to the following:

Keith Alexander
7415 Nature Walk Way SE
Owens Cross Roads, AL 35762
**Plaintiff**

**DATED** this 23rd day of July, 2026.

/s/ ***Jessica S. Malone***
Jessica S. Malone