IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KEITH ALEXANDER,
Plaintiff,

v.

TISHOMINGO COUNTY,
Defendant.

Case No. 1:26-cv-123-GHD-RP

# FIRST AMENDED COMPLAINT

*(Filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(B))*

*This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983.*

## BOTTOM LINE UP FRONT

This case is about a county that: (1) accepted two affidavits from a private citizen; (2) did not investigate the claims; (3) ignored discovery requests; (4) enforced a 'person-to-person' policy with no legal basis; (5) created a false court record after the case was retired; and (6) let a felony charge sit unpresented through three consecutive grand jury terms without ever testing it.

## FACTS

1. On April 22, 2025, my brother-in-law (Corey Bennett) filed an affidavit against me with Deputy Clerk Joy Brock.

2. In May 2025, I followed legal advice from multiple lawyers and changed my phone number and restricted my social media accounts to avoid any contact with the affiant or his associates. Corey was attempting to weaponize "indirect" communication, so I was advised to avoid any social overlap.

3. On May 9, 2025, the County mailed me a criminal summons via regular mail. The summons contained no clerk's signature and no officer's return.

4. On May 19, 2025, my lawyer asked for evidence. The County's Prosecutor ignored the request.

5. On May 22, 2025, before any court appearance, the court sent my lawyer a pre-printed person-to-person policy on official letterhead, telling him he couldn't appear on my behalf.

6. On June 3, 2025, I went to court. Nothing happened.

7. On August 19, 2025, Corey Bennett filed another affidavit against me with Deputy Clerk Shailyn Flurry. The affidavit claimed that my wife's lawsuit against him constituted a crime committed by me.

8. The County assigned Investigator Bryan Westbrook to investigate my wife's lawsuit.

9. On February 5, 2026, Westbrook admitted he had "not received anything from the other side" and the case was being prepared for the grand jury.

10. Several grand juries passed. I don't know the status of the county's investigation into the public court system.

11. On February 4, 2026, the Judges issued an order restricting me. No one asked them to and they did so without any hearing. In the same order packet, the county admitted I was calling to gather information on the felony charges against me. I didn't have a lawyer retained to work the felony side. They used a misdemeanor case they had no intention of ending on the merits to keep me from defending myself against a felony. On February 6, 2026, the same Judges recused because, "Impartiality might be questioned by reasonable persons whether knowing one or both parties or knowing all the facts and circumstances." This statement makes no sense considering there's no conflict of interest on my side with these Judges working a case against me.

12. On February 13, 2026, County Prosecutor Nathaniel Clark filed a sworn motion stating that I had "allegedly made allegations...." Clark then recused himself.

13. On May 5, 2026, the first case was retired to the files by a special prosecutor (Kelby Comer). No conviction. No plea. No explanation. Even the special judge (John Bishop) seemed to be surprised.

14. Kelby Comer mentioned a civil matter involving Corey. My wife was present and Kelby never asked her about any civil matters even though she was the plaintiff in the matter he talked about.

15. On May 8, 2026, I filed a bar complaint against Prosecutor Clark based on his recusal motion. The Mississippi Bar assigned a docket number and requested a response from Clark by June 11, 2026.

16. On May 23, 2026, I sent a demand letter to the Tishomingo County Board of Supervisors and County Attorney, offering to settle my claims and notifying them of my intent to file this lawsuit.

17. On June 14, 2026, I self-reported this matter to my Facility Security Officer (FSO) under SEAD 3 because I was uncertain whether the County's actions constituted a reportable criminal proceeding. I documented the County's obstruction, the empty investigation, and the "retired to files" disposition. My clearance remains under review.

18. Before I knew the County was investigating a federal lawsuit as cyberstalking, I offered to let them subpoena any records they needed. I also requested information from the Sheriff's Department. The County never followed up on my offer, and the Sheriff's Department has not responded to my requests.

19. In his June 10, 2026, response to the Mississippi Bar, County Prosecutor Nathaniel Clark admitted the following:

    a. The case was a "family dispute."

    b. He admitted he was told to recuse.

c. He did not verify the facts. He relied on "I was told."

20. Clark's admissions confirm:

a. There was no probable cause (he called it a "family dispute").

b. The prosecution was not based on a diligent investigation. Clark admitted he did not verify the facts and relied on "I was told". He didn't confirm his source in his bar complaint response.

21. The affidavit filed against me on April 22, 2025, falsely claims that I filed a police report. This statement is false. I never filed a police report against Corey Bennett or anyone else.

22. The false claim about a police report is a crime. The County never investigated this false claim.

23. In his Bar response, Clark attached a document titled "Exhibit P." The document was from my wife's federal lawsuit. Clark's copy has no PACER stamp, meaning it was not obtained from an official court filing. The official PACER copy has a court stamp. Clark has never explained how he obtained Exhibit P.

24. On July 15, 2025, Corey requested an extension in federal court to "obtain legal counsel". No lawyer ever appeared on his behalf in federal court, but Clark had the same copy of Exhibit P that Corey, and his codefendants were served with.

25. Clark's possession of Exhibit P and his failure to disclose its source suggests improper communication with Corey Bennett's network.

26. Mechelle Pounders, the Tishomingo County Justice Court Clerk, created a false court record to help Clark with his Bar response.

a. On June 8, 2026, two days before Clark's Bar response deadline, Mechelle Pounders generated an "Abstract of Court Record" for my case. The case was retired on May 5, 2026. The document was not created at the time of the

retirement. It was created weeks later, specifically to assist Clark in his defense to the Bar complaint.

b. The document is nearly blank. It contains: no officer names; no judge names; no prosecutor names; no driver's license number; no race; no charge details; no fine; no plea; and it falsely claims my lawyer made remarks (he never even spoke in open court).

c. It states "RETIRE TO FILE" as if it were a plea entered by me. That is absurd on its face. A defendant cannot enter a plea of "retire to file." It is an administrative action taken by the court or prosecutor, not a plea.

d. The document was not created at the time of the proceeding. It was created after the fact, for the sole purpose of helping Clark respond to the Bar complaint.

27. The false court record confirms the County's pattern of misconduct. The fabricated document is further evidence that the County: altered or created records after the fact; helped Clark respond to a disciplinary complaint; misrepresented my case to the Bar; and engaged in a pattern of obstruction and cover-up.

28. Since Corey Bennett swore the felony affidavit on August 19, 2025, the Tishomingo County grand jury has convened on at least three occasions without presenting the felony charge against me: September 2025, February 2026, and April 2026. I have never had a preliminary hearing on the felony charge and have never been indicted.

29. No one has ever told me why the felony charge has not been presented across three grand jury terms and roughly a year. The case remains open, with a two-year statute of limitations running out sometime in the second half of 2027.

30. The facts-and-circumstances statement Corey Bennett swore out the same day as the felony affidavit (August 19, 2025) describes no email, text, phone call, or electronic communication from me to him at all. It states only that he and his relatives were named as defendants and served with a civil lawsuit on June 18,

2025, and that their personal information appeared in that court filing. The felony affidavit itself, however, charges me under Miss. Code Ann. § 97-45-15(1)(b) with having "electronically mail[ed] (or electronically communicate[d])" to Bennett "repeatedly for the purpose or threatening, terrifying, or harassing" him and his family — language that appears nowhere in what Bennett actually described.

31. Tishomingo County has a documented history of acting on unverified affidavits without independent investigation. In Milligan v. Tishomingo County, Mississippi, No. 1:23-cv-00093 (N.D. Miss., filed July 5, 2023), another county resident alleged that a Sheriff's Deputy's affidavit "did not provide any supporting facts from which a Magistrate could independently determine probable cause," and that "the Tishomingo County Sheriff's Department has a policy, practice, custom and usage of relying on and using barebones affidavits" that is "ubiquitous in Tishomingo County." Milligan Compl. ¶¶ 21, 25.

*In the interest of saving paper and avoiding unnecessary exhibits, the Court is requested to take judicial notice of the docket and filings in Tishomingo County Cases No. 170, Page 1739 (misdemeanor) and Case No. 170, Page 3610 (felony) as public records whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b)(2). Records are stored in the Tishomingo County Justice Court, Circuit Court, and Sheriff's Department.*

## COUNTS

### COUNT I — Malicious Prosecution (Misdemeanor, Book 170, Page 1739)

Facts 1, 3, 6, 9, 10, 12, 13, 19, and 21 show that the County initiated a criminal proceeding against me without probable cause, depriving me of my Fourth Amendment right to be free from unreasonable seizure of my person and liberty. The case was retired to the files with no conviction or plea, terminating in my favor. Clark's admission that the case was a "family dispute" confirms the absence of probable cause. The affidavit contained a false claim that Plaintiff filed a police report. This false claim is a crime under Mississippi law. The County never investigated this false claim. This Count

addresses the misdemeanor charge (Book 170, Page 1739) specifically. The felony charge (Book 170, Page 3610) is addressed separately in Count VI below.

**COUNT II — Procedural Due Process**

Facts 4, 5, 11, and 19 show that the County maintained a "person-to-person" policy that prohibited my attorney from appearing or resolving matters on my behalf without my physical presence, effectively denying me the right to counsel and depriving me of Fourteenth Amendment procedural due process. Clark's admission that he was told to recuse and did not verify facts shows the County's disregard for due process.

**COUNT III — First Amendment Retaliation**

Facts 4, 5, 11, and 19 show that I engaged in protected speech by questioning policies and requesting documents. In retaliation, the County issued an Order Restricting Contact, depriving me of my First Amendment right to freedom of speech and right to petition the government. Clark's admissions show the County's pattern of retaliation.

**COUNT IV — Substantive Due Process**

Facts 7, 8, 9, 10, 14, 19, 23, 24, and 25 show that the County's maintenance of this baseless felony investigation for over a year, despite evidence showing the "crime" was merely Plaintiff's household's involvement in litigation, constitutes a retaliatory abuse of state power. Clark's admission that the case was a "family dispute" confirms the baseless nature of the prosecution. Clark's possession of Exhibit P and his failure to disclose its source shows outside communication with the affiant. Mechelle Pounders created a false court record to help Clark respond to the Bar complaint. The document was generated on June 8, 2026, not at the time of the proceeding.

**COUNT V — Municipal Liability**

Facts 4, 5, 11, 19, and 31 show that the County maintains a written "person-to-person" policy, applied to my attorney, Wayne Housley, which restricts the ability of defendants to be represented by counsel in the manner provided by the Rules of Criminal Procedure. This policy and the County's custom of ignoring discovery requests caused the constitutional violations described herein. Clark's admissions confirm the County's

pattern of misconduct. The County's failure to investigate false affidavits and its tolerance of outside communications constitute a pattern of misconduct. The County's creation of false court records and its custom of fabricating documents constitute a pattern of misconduct. As alleged in Milligan v. Tishomingo County, Mississippi, No. 1:23-cv-00093 (N.D. Miss., filed July 5, 2023), the County's practice of accepting and acting on unverified, barebones affidavits without independent investigation before initiating criminal process is not limited to Plaintiff's case, confirming a persistent and widespread practice.

**COUNT VI — Malicious Prosecution (Felony, Book 170, Page 3610)**

Facts 7, 8, 9, 28, 29, and 30 show that the County, through Corey Bennett's second affidavit, initiated a felony criminal proceeding against me without probable cause, depriving me of my Fourth Amendment right to be free from unreasonable seizure. The felony affidavit charges me under Miss. Code Ann. § 97-45-15(1)(b) with repeatedly and electronically communicating with Bennett for the purpose of threatening, terrifying, or harassing him. Bennett's own facts-and-circumstances statement, sworn the same day, describes no email, text, call, or electronic communication of any kind — only that my wife and I were involved in a lawsuit that named him and included his personal information. I wasn't a party to this lawsuit. The facts sworn to do not state a violation of the statute charged, or of any crime.

Since Bennett swore the affidavit on August 19, 2025, the felony has never been presented to a grand jury, despite three consecutive grand jury terms passing without action — September 2025, February 2026, and April 2026. I have never had a preliminary hearing and have never been indicted. A criminal charge that sits unpresented through multiple grand jury terms without action or explanation has been abandoned. Abandonment of a prosecution is a favorable termination for purposes of a malicious prosecution claim, even without a formal dismissal.

I plead this termination theory in the alternative, under Fed. R. Civ. P. 8(d): if the felony is still considered pending, it continues to violate my Fourth Amendment rights for as long as it remains open; if it is considered abandoned after three skipped grand jury

terms, it has terminated in my favor. This Count relies on the same municipal-liability allegations pled in Count V.

In the alternative, to the extent this Count requires a Fourth Amendment seizure that has not yet occurred on the felony docket, Plaintiff incorporates the substantive due process allegations in Count IV, which independently support relief for the County's year-long maintenance of this baseless felony charge without requiring a seizure.

**FOR THESE REASONS, I ASK THE COURT TO:**

**A. Against Tishomingo County:**

1. Declare that their person-to-person policy violates the Constitution.

2. Order them to stop using person-to-person.

3. Pay me for:

    a. lawyer fees ($3,000)

    b. missed workdays and emotional distress

    c. the harm to my career and security clearance status caused by the County's baseless prosecutions.

4. Declare that the felony charge (Book 170, Page 3610) has been abandoned and has terminated in my favor, or, in the alternative, declare that it constitutes an ongoing unconstitutional seizure for as long as it remains open without presentment to a grand jury.

5. Anything else the Court thinks is right.

**KEITH ALEXANDER**
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763
938-247-9736
Keith.c.alexander2@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| KEITH ALEXANDER,<br>Plaintiff,<br><br>v.<br><br>TISHOMINGO COUNTY,<br>Defendant. | Case No. 1:26-cv-123-GHD-RP |

**CERTIFICATE OF SERVICE**

I'm Keith Alexander, representing myself in this case. I mailed the FIRST AMENDED COMPLAINT and NOTICE OF CORRECTION to the court, the clerk filed it into the ECF system, and ECF then automatically notified the following people:

Jessica S. Malone
Daniel J. Griffith
Mary McKay Griffith
Jacks Griffith Luciano,
P.A. 150 North Sharpe Avenue
P.O. Box 1209 Cleveland, MS 38732

**KEITH ALEXANDER**
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763