**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**KEITH ALEXANDER** **PLAINTIFF**

**v.** **CIVIL ACTION NO.:1:26-CV-123-GHD-RP**

**TISHOMINGO COUNTY, MISSISSIPPI** **DEFENDANT**

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

**COMES NOW**, Defendant, Tishomingo County, Mississippi, by and through the undersigned counsel, and respectfully file this its Answer and Affirmative Defenses to the Plaintiff's Second Amended Complaint, to wit:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action as to the Defendant for which relief may be granted. Therefore, the same should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Any state law claims are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*, including but not limited to *Miss. Code Ann.* §11-46-7.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted against Defendant, and thus, his claims must be dismissed under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiff and/or others was the proximate cause of the incidents forming the basis of this lawsuit and Plaintiff's alleged injuries and damages, if any. Furthermore,

Defendant assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

**FIFTH AFFIRMATIVE DEFENSE**

The conduct of Defendant was objectively reasonable in light of clearly established law at the time of their actions in this matter. Defendant's actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable official could have believed their actions lawful during the incidents forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiff's state law claims, Defendant claims the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendant claims the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, *Miss. Code Ann.* §11-46-11(2)(a)(ii) and (iii) requisite Notice of Claim was never submitted. Due to the failure of Plaintiff to strictly comply with those mandates, the state law claims should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to allege violation of any duty by Defendant bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

No action or omission by the Defendant was the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**ELEVENTH AFFIRMATIVE DEFENSE**

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

**TWELFTH AFFIRMATIVE DEFENSE**

Answering Defendant specifically asserts and invokes all defenses available to them as set forth in *Fed. R. Civ. P.* 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, claim preclusion, comity, the *Younger* abstention doctrine, and the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiff and/or third parties adverse to Plaintiff in the Justice Court proceedings at issue in this suit constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom. Moreover, Plaintiff's injuries/damages were not foreseeable to this Defendant, and therefore, Plaintiff's claims should be dismissed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The instant claim fails to state a claim upon which relief may be granted under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against the County. This Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution, and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction because the probate exception precludes Plaintiff's claims. *See Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of the Defendant involved the use of discretion, and at no time did any governmental actor substantially exceed its authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9 (1)(a) - (w) (Supp. 1997), *et seq*.

## TWENTIETH AFFIRMATIVE DEFENSE

Claims of negligence on the part of government officials are not cognizable under 42 U.S.C. §1983.

## ANSWER[1]

**AND, NOW,** having asserted its affirmative defenses to the Second Amended Complaint filed herein, and without waiving any such defenses, Defendant answers the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

Defendant denies the allegations in the unnumbered paragraph beginning with "This Court has federal question jurisdiction" and would affirmatively aver the Court lacks subject matter jurisdiction over res situated in the jurisdiction of the Tishomingo County Chancery Court.

## BOTTOM LINE UP FRONT

As to the unnumbered paragraph beginning "This case is about a county...." subsections 1 through 6 it is denied.

## FACTS

1. The allegations of paragraph one are denied.

2. The Defendant is without sufficient knowledge to admit or deny this allegation so out of an abundance of caution, it is denied.

3. The allegations of paragraph three are denied.

4. The allegations of paragraph four are denied.

5. The allegations of paragraph five are denied.

---

[1] Defendant uses the headings in the Complaint for the ease of the Court. To the extent that these headings contain any factual allegations, they are specifically denied.

6. The allegations of paragraph six are denied.

7. The allegations of paragraph seven are denied.

8. The allegations of paragraph eight are denied.

9. The allegations of paragraph nine are denied.

10. To the extent that paragraph ten requires an answer, it is denied.

11. The allegations of paragraph eleven are denied.

12. The allegations of paragraph twelve are denied as stated.

13. The allegations of paragraph thirteen are denied.

14. The allegations of paragraph fourteen are denied.

15. The County is without sufficient information to admit or deny the allegations of paragraph fifteen so out of an abundance of caution they are denied.

16. The allegations of paragraph sixteen are denied.

17. The allegations of paragraph seventeen are denied.

18. The allegations of paragraph eighteen are denied.

19. The allegations of paragraph nineteen including sub-parts a) through d) are denied.

20. This Defendant is without information contained in paragraph twenty and therefor denies the same.

21. The allegations of paragraph twenty-one are denied.

22. The allegations of paragraph twenty-two are denied.

23. The allegations of paragraph twenty-two are denied.

24. This Defendant is without information contained in paragraph twenty-four and therefor denies the same.

25. This Defendant is without information contained in paragraph twenty-five and therefor denies the same.

26. The allegations of paragraph twenty-six including sub-parts a) through d) are denied.

27. The allegations of paragraph twenty-seven are denied.

28. The allegations of paragraph twenty-eight are denied.

29. The allegations of paragraph twenty-nine are denied.

30. The allegations of paragraph thirty are denied.

31. The allegations of paragraph thirty-one are denied.

As to the unnumbered paragraph beginning “In the interest of saving paper and avoiding unnecessary exhibits.....” to the extent that an answer is needed from the Defendant, it is denied.

**COUNTS**

**COUNT I - Malicious Prosecution**

As to the unnumbered paragraph beginning “Facts 1, 3, 6, 9, 10, 12, 13, 20, and 22 show.....” they are denied.

**COUNT II - Procedural Due Process**

As to the unnumbered paragraph beginning “Facts 4, 5, 11, and 20 show.....” they are denied.

**COUNT III - First Amendment Retaliation**

As to the unnumbered paragraph beginning "Facts 4, 5, 11, and 20 show....." they are denied.

**COUNT IV - Substantive Due Process**

As to the unnumbered paragraph beginning "Facts 1, 3, 6, 9, 10, 12, 13, 20, and 22 show....." they are denied.

**COUNT V - Municipal Liability**

As to the unnumbered paragraph beginning "Facts 4, 5, 11, and 20 show....." they are denied.

As to the unnumbered paragraph beginning with, "FOR THESE REASONS," Defendant denies the allegations contained therein, including but not limited to, those contained in Section A, subparagraphs 1 through 4.

**AND NOW, HAVING FULLY ANSWERED** and asserted its Affirmative Defenses, Defendant prays that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Second Amended Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for and that Plaintiff be denied any relief whatsoever; and

(C) That this Court award Defendant its attorney fees, costs, and expenses associated with the defense of the instant civil action.

**RESPECTFULLY SUBMITTED** this the 26th day of August, 2026.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ ***Mary McKay Griffith***
Mary McKay Griffith, MS Bar No. 100785

Jessica S. Malone, MS Bar No. 102826
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendant, Tishomingo County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: mgriffith@jlpalaw.com
jmalone@jlpalaw.com
dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Mary McKay Griffith, attorney of record for Defendant, Tishomingo County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System and email which gave notice to the following:

Keith Alexander
7415 Nature Walk Way SE
Owens Cross Roads, AL 35762
**Plaintiff Pro Se**

**DATED** this 26th day of August, 2026.

/s/ *Mary McKay Griffith*
Mary McKay Griffith