**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**KEITH ALEXANDER** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 1:26-CV-123-GHD-RP**

**TISHOMINGO COUNTY, MISSISSIPPI** **DEFENDANT**

**DEFENDANT'S MEMORANDUM OF AUTHORITIES**
**IN SUPPORT OF MOTION FOR STAY**

**COMES NOW,** Defendant Tishomingo County, Mississippi (hereinafter "the County"), by and through counsel and respectfully submits this, its Memorandum of Authorities in Support of Motion for Stay, as follows:

## I. PREMISE:

The instant action brought by Plaintiff Keith Alexander, asserts 42 U.S.C. §1983 claims against the County for alleged malicious prosecution, a First Amendment violation, and various procedural and substantive due process violations. Doc. 18. His claims, at least in part, arise out of his ongoing prosecution by the County on a charge of cyberstalking. *Am. Compl.*, Doc. 18 at 9-10; **Ex. A** to Mot. For Stay, Circuit Court Order.

As argued in the County's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's due process and malicious prosecution claims arising out of the cyberstalking prosecution are procedurally barred by *Heck v. Humphrey*. Doc. 61 at 9-10. The proper remedy is a stay in these proceedings pending the resolution of the criminal charge.

## II. BACKGROUND FACTS

The criminal charge had its inception in the affidavit Corey Bennett filed in Justice Court, alleging that Alexander sent him communications that were harassing in nature. Doc. 60-1 at 45-46.

Plaintiff's Amended Complaint alleges that three grand jury terms have passed without presentation of the charge. Doc. 18 at 6. Plaintiff complains that he was neither indicted on the charge, nor given a preliminary hearing. Doc. 18 at 6. In addition, Plaintiff alleges that Bennett's affidavit fails to establish probable cause inasmuch as it does not contain the elements of the crime. Doc. 18 at 6-7. Plaintiff asserts claims for a violation of his substantive due process rights and for malicious prosecution arising out of the prosecution of the cyberstalking allegations Bennett filed with Justice Court. Doc. 18 at 8-9.

Ultimately, the charge was presented to the Grand Jury of the Tishomingo Circuit Court. **Ex. A** to Mot. for Stay, Order of the Circuit Court. Following a no true bill for felony cyberstalking, the Circuit Court, upon the Grand Jury's evidentiary finding of probable cause that a misdemeanor occurred, remanded the charge to Justice Court for prosecution. *Id.* The prosecution of the misdemeanor cyberstalking charge is ongoing and is to be docketed for trial. *Id.*

## III. LAW AND ANALYSIS

Whether to stay a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the interests of justice so require.[1] "Although a district court has wide discretion to stay proceedings, its power is not unbounded. ... A court must weigh the competing interests when exercising its discretion to issue a stay."[2] The burden rests on the movant to show that special circumstances exist that warrant a stay.[3] A stay is warranted here.

---

[1] *United States v. Kordel*, 397 U.S. 1, n. 27, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970).

[2] *Dominguez v. Hartford Fin. Servs. Group, Inc.*, 530 F. Supp. 2d 902, 905 (S. D. Tex. 2008).

[3] *Sec. & Exch. Comm'n v. First Financial*, 659 F.2d 660, 668 (5th Cir. 1981) ("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice."

District courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[4]

**1. The Criminal Case and the Civil Case Overlap.**

Given that Mr. Alexander has asserted claims arising out of the prosecution of the cyberstalking charge and the fact that the prosecution is ongoing. "[M]ost of the witnesses who will likely testify in this case will also be called as witnesses in the criminal matter, and the overlap of the documentary evidence needed to prove both the civil and criminal cases is substantial."[5]

Thus, there is "a concurrent ongoing criminal matter (the charges against the Plaintiff)...the facts of which appear to overlap with those of the civil case before the Court."[6] It is likely that with pending criminal charges against him, Plaintiff will invoke his Fifth Amendment rights when asked questions about the underlying facts of the charge in discovery in this cause of action. "[A] party claiming the Fifth Amendment privilege should suffer no penalty for his silence."[7] This factor weighs in favor of a stay.

---

[4] *See, e.g. Official Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan*, 2019 U.S. Dist. LEXIS 138946, **5-6 (E.D. La. Aug. 16, 2019) (collecting cases).

[5] *Hansen v. Thorpe*, 2018 U.S. Dist. LEXIS 209183, *6 (E.D. La. Dec. 11, 2018).

[6] *Jackson v. City of Hammond*, 2025 U.S. Dist. LEXIS 20311,*7-8 (E.D. La. Feb. 5, 2025).

[7] *Wehling v. CBS*, 608 F.2d 1084, 1088 (5th Cir. 1980).

**2. The Criminal Case is Still Pending.**

The criminal case is still pending in Justice Court, having been remanded just ten days ago to that court by order of the Circuit Court. *See* **Ex. A** to Mot. The matter is "open and ongoing. Thus, the status of [the] criminal matter[] would militate in favor of a stay of the civil case."[8]

**3. The Stay Does Not Prejudice the Plaintiff.**

"'[I]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim.'"[9] That is because "[w]hile the Court appreciates that Plaintiff has an important interest in proceeding expeditiously and having his claims heard, granting a stay in this matter does not deny [Plaintiff] a possible recovery, nor does it significantly impact his ability to pursue his claims once the stay is lifted. Instead, a stay only delays that possible result."[10] This factor weighs in favor of a stay.

**4. Private Interests and Burden on the Defendants.**

Here, should this case proceed and the Justice Court prosecution proceed, there could be two (2) completely different and separate resolutions of the same factual scenario. This would substantially impact the County's defense in the subject case. Moreover, as argued in Defendant's Response in Opposition to Summary Judgment, the claims arising out of that prosecution may well implicate *Heck*.[11] The Fifth Circuit has explained "that, following *Heck v. Humphrey*, 512 U.S. 477

[8] *Jackson*, 2025 U.S. Dist. LEXIS 20311 at *8.

[9] *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 36654, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (citing *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)).

[10] *Jackson*, 2025 U.S. Dist. LEXIS 20311 at *9.

[11] *Heck v. Humphrey*, 512 U.S. 477 (1994).

(1994), district courts should stay § 1983 cases that *may implicate* the validity of the pending criminal proceedings until those underlying proceedings have run their course."[12] "The court may — indeed should — stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."[13] This factor weighs in favor of a stay.

**5. The Court's Interest and the Public's Interest.**

"The Court has interests in judicial economy and expediency,"[14] and "conducting the criminal proceedings first advances the judicial economy[.]"[15] Additionally, the Court "also has a significant interest in seeing that justice is done [in the civil matter] without trampling the constitutional rights of the litigants."[16]

With respect to the sixth factor, the public interest, the public certainly has "a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters."[17] "The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those

---

[12] *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)(emphasis added).

[13] *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)

[14] *Doe v. Morris*, 2012 U.S. Dist. LEXIS 12454, 2012 WL 359315 at *6 (E.D. La. Feb. 2, 2012).

[15] *SEC v. Offill*, 2008 U.S. Dist. LEXIS 28977, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

[16] *Unsecured Creditors*, 2019 U.S. Dist LEXIS *10.

[17] *Id.*

persons responsible for criminal activity to justice."[18] This factor weighs in favor of a stay.

## IV. CONCLUSION

As demonstrated herein, all the requisite factors weigh in favor of staying this case until such time as the Plaintiff's underlying criminal case is resolved. Accordingly, the County should be granted the relief it seeks to avoid being gravely prejudiced in the instant cause of action should the parallel cases draw to a very different outcome for the parties.

**RESPECTFULLY SUBMITTED** this the 16th day of October, 2026.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Jessica S. Malone*
Jessica S. Malone, MS Bar No. 102826
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant, Tishomingo County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: jmalone@griffith-luciano.com
danny@griffith-luciano.com
mgriffith@griffith-luciano.com

[18] *Id.* at **10-11.

**CERTIFICATE OF SERVICE**

I, Jessica S. Malone, attorney of record for Defendant, Tishomingo County, Mississippi, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion for Stay* to be delivered by the ECF Filing System and via electronic mail which gave notice to the following:

Keith Alexander
7415 Nature Walk Way SE
Owens Cross Roads, AL 35762
Email: keith.c.alexander2@gmail.com
**Plaintiff Pro Se**

**DATED** this 16th day of October, 2026.

*/s/ Jessica S. Malone*
Jessica S. Malone