**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**KEITH ALEXANDER** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:26cv123-GHD-RP**

**TISHOMINGO COUNTY, MISSISSIPPI** **DEFENDANT**

**ORDER GRANTING MOTION TO STAY**

This matter is before the court on the defendant Tishomingo County, Mississippi's Motion for Stay. ECF 70. The County seeks a stay of proceedings in this action pending resolution of certain related criminal proceedings against the plaintiff. The plaintiff opposes the motion. The court finds the motion is well taken and should be granted.

The *pro se* plaintiff Keith Alexander brought this Section 1983 action against Tishomingo County, Mississippi seeking the recovery of damages and other relief for alleged violations of his civil rights in connection with two criminal prosecutions of him. One of those prosecutions has been "retired to the file," and the other prosecution – which originated with an August 19, 2025 affidavit by Corey Bennett accusing the plaintiff of electronically communicating threats to Bennett on June 18 and August 8, 2025 – has recently been presented to the grand jury of Tishomingo County, which declined to true bill the felonies presented and remanded the charges to the Tishomingo County Justice Court for prosecution as misdemeanor charges of telephone harassment under Miss. Code. Ann. 97-29-45. The County now moves to stay proceedings in this case pending the resolution of those charges, arguing, among other things, that this Section 1983 action may implicate the validity of the pending criminal proceedings and should therefore be stayed until those proceedings have run their course. The

court agrees.

Under the *Colorado River* abstention doctrine, a federal court may decline to adjudicate a controversy for reasons of wise judicial administration when there is a state court proceeding with concurrent jurisdiction. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.483 (1976). Citing this doctrine, the Supreme Court in *Heck v. Humphreys* stated, "For example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state court proceedings." 512 U.S. 477, 487 n.8, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Fifth Circuit has instructed that following *Heck*, "district courts should stay § 1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain,* 885 F.3d 874, 883 (5th Cir. 2018).

Among other claims in the present case, the plaintiff brings a claim alleging violations of his due process rights in connection with the prosecution of the charges that are now pending in the Tishomingo County Justice Court. Certainly, the due process claim may implicate the validity of the subject criminal proceedings. As such, pursuant to *Gates*, this case should be stayed until the underlying criminal proceedings have run their course.

The plaintiff contends there are no charges pending in the justice court because the prosecutor and two justice court judges have recused themselves from the case and no court date has been set. This court is unpersuaded. The recusal of judges and/or prosecutors from particular cases is not an entirely uncommon occurrence and does not mean there are no criminal charges. The grand jury only just remanded the subject charges for prosecution in the justice

court on October 7, 2026. This court will require periodic reports of the status of the charges while this case is stayed and will lift the stay and allow this case to proceed if and when it becomes apparent that the subject charges will not be prosecuted.

Therefore, the Defendant's Motion for Stay is GRANTED, and this case is STAYED pending resolution of the plaintiff's related criminal charges. The parties are directed to file quarterly reports of the status of the criminal charges, with the first such report being due by January 1, 2027, and subsequent reports being due by the first day of each quarter thereafter.

SO ORDERED, this, the 12th day of November, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE